

# THE ATTORNEY GENERAL
## OF TEXAS

September 15, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Bill Hammond
Chairman
House Committee on Local &
   Consent Calendars
P.O. Box 2910
Austin, Texas 78769

Opinion No. JM-786

Re: Validity of a rider regarding high school exit-level tests

Dear Mr. Hammond:

You ask whether a rider to the 1987 appropriations bill conflicts with the following statute:

> (a) The Central Education Agency shall adopt appropriate criterion referenced assessment instruments designed to assess minimum basic skills competencies in reading, writing, and mathematics for all pupils at the first, third, fifth, seventh, and ninth grade levels and in mathematics and English language arts for all pupils at the 12th grade level.

> (b) The Central Education Agency shall also adopt secondary exit level assessment instruments designed to assess mathematics and English language arts competencies for pupils at the 12th grade level. The State Board of Education shall administer the assessment instruments.

> (c) The secondary exit level assessment instrument must be administered to all pupils at the 11th grade level. Each pupil who did not perform satisfactorily on all sections when tested at the 11th grade level shall be given opportunities during the 11th and 12th grade levels to retake the sections of the assessment instrument on which the pupil did not perform satisfactorily, including the opportunity to retake those sections during the final month of the school term in which the pupil is enrolled at the 12th grade level.

Educ. Code §21.551 (emphasis added). See also Educ. Code §21.553 (pupil may not receive high school diploma until he has performed satisfactorily on all sections of the secondary exit level assessment instrument).

The rider you ask about provides:

> Exit-Level Tests. State funds appropriated under this Act shall not be used in the development and administration of an exit-level assessment instrument under Sections 21.551, et seq., Texas Education Code, which tests objectives in which eleventh graders would not have reasonably been expected to receive instructions in previous courses.

General Appropriations Act, Acts 1987, 70th Leg., 2d C.S., ch. 78, art. III, §1, Central Education Agency-Programs, subsec. 16, at III-7. See Educ. Code §21.558 (cost of preparing and administering assessment instruments to be paid from the compensatory aid provided by Educ. Code §16.152); §§16.152, 16.251 (financing of compensatory aid). A rider to an appropriations bill is invalid if its provisions conflict with the provisions of a general statute. Attorney General Opinion V-1254 (1951). A rider is not invalid, however, if it is merely declaratory of existing law. Attorney General Opinion MW-389 (1981). You suggest that the rider set out above is invalid because it conflicts with section 21.551 of the Education Code.

The legislature delegated to the Central Education Agency the task of adopting exit-level assessment instruments to assure that high school graduates have at least basic skills in math and English. The legislature may delegate authority to carry out a legislative purpose. State ex rel. Grimes County Taxpayers Association v. Texas Municipal Power Agency, 565 S.W.2d 258, 273 (Tex. Civ. App. - Houston [1st Dist.] 1978, writ dism'd). In carrying out delegated authority, however, an administrative agency must act reasonably. See Allstate Insurance Co. v. State Board of Insurance, 401 S.W.2d 131, 132 (Tex. Civ. App. - Austin 1966, writ ref'd n.r.e.).

The legislature directed that exit-level assessment instruments be administered to all pupils in the 11th grade. We think it would be unreasonable, as a matter of law, for a competency test administered to 11th graders to test material that 11th graders are not likely to have covered. Therefore, we think it is implicit in section 21.551 that the material tested be material that an 11th-grader could reasonably be expected to have covered. The rider you ask about simply states that the exit-level examination should not cover subjects in which "eleventh graders would not have reasonably been expected to receive instructions in previous courses." That rider is

simply declaratory of what we think  is implicit in section 21.551  of the Education  Code.  Therefore,  we conclude  that the  rider is  not invalid.

### S U M M A R Y

A rider concerning exit-level examinations  for high school  students  is  merely  declaratory  of existing law and is  therefore not invalid.   Acts 1987, 70th Leg.,  2d C.S.,  ch.  78, art. III,  §1, Central Education Agency-Programs, subsec. 16,  at III-7.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General